# THE ROAD DIRECTORS OF ALLEGANY COUNTY
## *vs.*
## LOUISE M. SEABER.

*Roads and bridges: liability of County Commissioners; bridges within town limits.  Allegany County: road directors; Ch. 262 of Acts of 1904.*

By Chapter 262 of the Acts of 1904 the road directors of Allegany County are declared to have the powers, duties and obligations in respect to the public roads and bridges co-extensive with those theretofore resting on the County Commissioners; under such conditions, the road directors of Allegany County are responsible for the condition and repairs of a bridge, part of the county road system, even though the bridge is located within the incorporated town of Westernport, in a case where there was nothing in the statutes or charter of the town to qualify the powers of the County Commissioners or road directors.

p. 530

*Decided June 25th, 1914.*

Appeal from the Circuit Court for Allegany County. (HENDERSON, J.)

The appellee injured her foot and leg by stepping in a hole in the bridge over the Potomac, in Allegany County; in a suit for damages against the Road Directors of that county, judgment being in her favor on a verdict for $500, the defendants took this appeal.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER and STOCKBRIDGE, JJ.

*Walter C. Capper* and *Albert A. Doub,* for the appellant.

*David A. Robb* (with whom were *Bruce & Bernard* and *D. L. Sloan* on the brief), for the appellee.

URNER, J., delivered the opinion of the Court.

The appellee while passing along the wooden sidewalk of a public bridge over the Potomac River between Westernport, in Allegany County, Maryland, and Piedmont, in Mineral County, West Virginia, was injured by having her foot and limb caught and wrenched in a hole in the flooring caused by the breaking off sometime previously of a small portion of one of the boards near the bridge railing. A suit against the Road Directors of Allegany County, a body corporate, for the injuries thus sustained resulted in a verdict for the plaintiff, and the defendant has appealed. There is an exception to the refusal of the trial Court to withdraw the case from the jury. It is not denied, and upon the record it could not be doubted, that if the defendant is capable of being charged at all with responsibility for accidents resulting from a failure to keep the bridge in repair, there is in the particular case now before us a legal sufficiency of evidence to support recovery. The defense, however, raised under the general prayer just mentioned, and specifically stated in the defendant's sixth prayer, which was also rejected, is that according to the uncontradicted evidence the bridge upon which the injury sued for occurred was wholly within the corporate limits of the town of Westernport, a municipal corporation, duly empowered by the laws of the State to exercise control over the streets, alleys, highways and bridges within its limits, and that the defendant had, therefore, no jurisdiction over the bridge in question and no authority to make expenditures for its maintenance or repair.

The present bridge between Westernport and Piedmont, which replaced one formerly occupying the same site for a long period of time, was erected about ten years ago by Allegany County, under an agreement with the County Court of Mineral County, West Virginia, in pursuance of which each of the contracting parties paid one-half of the cost of the construction. The towns of Westernport and Piedmont, whose inhabitants were desirous of having sidewalks on the

bridge, were to make contributions towards meeting the additional expense thus occasioned. It is left uncertain by the record as to whether Piedmont paid its proportion of the cost of adding the sidewalk, but the evidence shows definitely that Westernport did not contribute. The agreement between the two counties provided that the expense of keeping the bridge in repair should be chargeable to the counties and municipal corporations mentioned in proportion to the amounts paid by each towards its erection. It appears from the proof that the Road Directors of Allegany County have had control of the bridge and assumed the duty of making the necessary repairs, and that they have been reimbursed to the extent of one-half of the cost of this work by the County Court of Mineral County. Neither of the municipalities has made any payments on account of the repairs. The boundary lines of the town of Westernport, of the county of Allegany, and of the State of Maryland are coincident on the southern shore of the Potomac River at the point where the bridge in question enters Piedmont. It is in evidence that the whole of the bridge, with the possible exception of the abutment at the southern terminus, is located within the corporate limits of Westernport. The hole which caused the plaintiff's injury was near the end of the bridge on the Maryland side of the river.

The Road Directors of Allegany County are a body corporate, created by Chapter 262 of the Acts of 1904, which amended the Code of Public Local Laws of the county. It was provided by Section 212 that "their powers, duties and obligations with respect to the public roads in Allegany County shall be co-extensive with the powers, duties and obligations heretofore resting upon the County Commissioners of Allegany County with respect to the public roads and bridges in said county, except in so far as the same may be modified or changed by the provisions of this Act." They were authorized and directed by Section 216A to "take charge and supervision of all roads and bridges in Allegany County," and to "see that no obstructions, hindrances or in-

jury are or is permitted upon any road or bridge under their supervision." By Article 25, Section 1 of the Code of Public General Laws it is enacted that the County Commissioners of the various counties shall have "charge of and control over the property owned by the county, and over county roads and bridges," Section 2 of the same Article provides that they shall in their respective counties "have control over all the public roads, streets and alleys, except in incorporated towns." There is no such exception, however, in the separate provision, by Section 13, that "They may build and repair bridges and levy upon the property of the county therefor." These sections were all in effect when the Road Directors were incorporated and invested with powers co-extensive with those of the County Commissioners with respect to public roads and bridges, and they have continued to be operative to the present time.

The municipality of Westernport was created by the Acts of 1868, Chapter 40. Its charter makes no specific reference to the subject of bridges, but confers powers relating to the control and maintenance of the streets and highways of the town.

In view of the statutory and other conditions thus described we think the Court below was clearly right in overruling the defense to which we have referred. The bridge upon which the accident occurred, though located within the limits of Westernport, was built upon soil which formed part of the territory of the county, and the public interests which required its construction were obviously much broader than the local convenience of the citizens of the municipality. It was not established as a means of passage over a stream which divided the area of the town and impeded the association of its people, but it was erected over a river which marks the boundary between Maryland and a sister State, and it was undoubtedly designed to facilitate intercourse between the larger communities on either side of the river in which the two towns at the termini of the bridge are included. The County Commissioners of Allegany County, and co-exten-

sively the Road Directors of the county, were given express and comprehensive authority to build and repair bridges. In the absence of any qualification of this power in the section by which it was conferred, as to its exercise within municipal areas, it could not properly be held that the county is without interest or responsibility with respect to this interstate bridge which it has constructed and maintained, under the special arrangement described, with funds to which its taxpayers generally have contributed. Aside from any other considerations, there are reasons, resting upon contract and comity between the two co-operating counties, which prevent the adoption of the theory involved in the defense here interposed.

The decision of the issue in this case, as presented upon its own particular facts, does not require a discussion of the general question as to the relative rights of counties and incorporated towns within their borders in reference to the erection, maintenance or ownership of bridges located within the municipal limits. Upon this record the only question we have to determine is whether a county agency, with unqualified statutory authority for bridge construction, which actually builds and maintains a bridge over a boundary river between this and another State, under agreement with and partly at the expense of the county on the opposite side of the dividing stream, can be denied any interest in the structure, and be absolved from any possible liability for conditions which may render it unsafe, merely because it is located within the bounds of a municipal corporation invested with a general power of control over its own streets and highways. In our opinion this inquiry could not upon any sound principle be answered otherwise than in the negative.

The decisions in other jurisdictions which have been cited in the briefs need not be discussed, as the statutes and facts by which they were governed differ materially from those we have here under review.

*Judgment affirmed, with costs.*