Judgment affirmed.

Filed Feb. 4, 1892.

### No. 15,531.

### HIRE *v.* KNISELEY ET AL.

HIGHWAY.—*Damages Reduced by Benefits Received by Opening.*—In estimating the damages which a land-owner will sustain by reason of establishing a highway over his land, the benefit he will receive must also be considered.

SAME.—*Pay for Fences Already Erected.*—If the proposed highway will not require any additional fences, but will only require those already constructed to be removed, the land-owner is not entitled to pay for such fences, but only for the cost of removing them.

SAME.—*Appropriation of Fences.*—There can be no appropriation of fences in the way of a proposed highway.

SAME.—*Damages.—Opinions of Witnesses.*—The opinions of witnesses tending to prove the market value of land, through which a proposed highway will run, without such highway, and its market value with the highway established and opened, may be given in evidence.

SAME.—*Opinion.— What is not —*A question whether or not the opening of the highway will be a convenience to the land of the person asking damages, and to persons residing on it, so far as travel in a certain direction is concerned, does not call for an opinion, but for a fact.

Hire *v.* Kniseley *et al.*

**SAME.**—*Opinion of Witness Whether Highway Would Affect Market Value of Land of Person Asking Damages.*—When a witness has testified that he is acquainted with the market value of land in the neighborhood of the proposed highway, and that such highway would affect the market value of the land over which it was to be located and opened, he may then give his opinion whether or not it would affect the market value of the land of the person asking damages.

From the Marshall Circuit Court.

*O. M. Packard* and *C. P. Drummond,* for appellant.

*S. Parker, J. D. Chaplin* and *A. C. Capron,* for appellees.

COFFEY, J.—The appellees filed a petition before the board of commissioners of Marshall county to lay out and establish a public highway. The appellant filed a remonstrance, in which he claimed damages on the ground that such proposed highway would run through his farm, and, if established, would greatly damage him. His claim for damages being denied before the board of commissioners, he appealed to the circuit court, where the cause was tried by a jury, resulting in a verdict and judgment in favor of the appellant for one dollar.

He appeals to this court, and assigns, as error, the ruling of the circuit court in denying him a new trial.

It is first insisted that the jury erred in its assessment of the appellant's damages, the amount assessed being too small.

It is insisted by the appellant that, under the evidence introduced by the appellees, he was entitled to recover at least ninety-two dollars and fifty cents damages, the same consisting of the value of the land taken for the highway, fencing the highway through his farm when opened, and removing existing fences; from which should be deducted the cost of constructing ditches on either side of the highway, which would drain the land.

If there was no other element to be considered in ascertaining the appellant's damages than those mentioned above, there would be much plausibility in this contention; but it

is too firmly settled now to admit of dispute, that, in estimating the damages which one may sustain by reason of establishing a highway over his land, the benefit he will receive is also to be considered.   *Yost* v. *Conroy,* 92 Ind. 464; *Watson* v. *Crowsore,* 93 Ind. 220; *Hagaman* v. *Moore,* 84 Ind. 496.

The appellant is in error in his claim that there is no evidence in the record to be considered in connection with the estimate above mentioned, for there is evidence from which the jury could have inferred, legitimately, that the benefits equaled the damages.   From the evidence in the record, as it comes to us, we can not say that the jury erred in the assessment of the damages.

It is next contended that the court erred in giving to the jury the following instruction :

" The court instructs you, if you find from the evidence, taking into consideration all the facts and circumstances surrounding the case, that the construction of the proposed highway will necessitate the building of extra fence by the remonstrant, Lawson Hire, you may take the cost of the construction of such fence into consideration as an element of damages.   But if you find that the remonstrator has now a line of fence, if any, on the line of the proposed highway, he is entitled in his assessment of his damages as to that line of fence to the cost only of removing the same on and to the line of said road, and not to the value of the material, if any, now on the line of said highway."

If we understand the position of counsel, as it is expressed in the brief, it is, that the appellant was entitled to the cost of a fence regardless of the fact that the fence was, by accident, near the line of the road, and that for this reason this instruction was erroneous, as was also the admission of evidence tending to prove the cost of removing the same.

The evidence shows that the proposed highway cuts through the appellant's farm from east to west, so as to leave a sixty-acre tract one hundred and twenty rods east

and west by eighty rods north and south, to the north of the proposed highway. There is a fence, composed partly of rails and partly of wire, running the entire one hundred and twenty rods directly on the line of the proposed road. It will be necessary, when the road is opened, to maintain a fence on each side of it in order to utilize the farm. This instruction was given with reference to these facts, and we think announces the correct rule by which the appellant's damages, with reference to this fence, should be measured. By this rule the appellant would be fully compensated for his loss. The public does not appropriate the material of which the existing fence is composed, but appropriates an easement only over the land. The appropriation of this easement is one element of damages, and the removal of the fence is another. If the appellant is fully paid for taking down the fence and erecting it upon the line of the road, where a fence must necessarily be placed, what more can he claim? To pay him for the fence as it stands would be to pay him for that which the public does not appropriate, and he would then possess both its value and the property. It is true he could remove the fence, if he desired to do so, to some other place, but there is nothing to show that removing it to some other part of the farm was rendered necessary by the location of the highway, and the petitioners are not liable for the cost of such removal. As the location of the highway rendered it necessary to remove the fence from its present location and to rebuild it on the line of the road, those who brought about this necessity are liable for the cost of such removal and rebuilding, and nothing more.

Some evidence, of an objectionable character, consisting of the opinions of witness as to the difference in value of the appellant's farm with the proposed road and its value without it, was admitted, but this evidence, on motion of the appellant, was struck out. It is now urged that the language of the court in striking out this evidence was not sufficiently specific, but there was no effort on the part of the appellant

to have it made more specific. It was sufficiently broad to include all the objectionable evidence, and no doubt the court would have made it as specific as desired had it been asked to do so.

The opinions of witnesses tending to prove the market value of the appellant's land without the highway, and its market value with the highway established and opened, was admissible, and should not have been struck out.

The case of *Hagaman* v. *Moore, supra,* which announces a contrary doctrine, was disapproved in the case of *Yost* v. *Conroy, supra.*

Finally, it is urged that the court erred in permitting a witness to answer the following questions :

" You may state if the opening of this road—Is the opening up of this road a convenience to Lawson Hire's land, so far as travel to the west is concerned,—to persons residing on Hire's land ? "

" Yes, sir, it is."

" Would the opening up of this road make a difference in the market value of Lawson Hire's land ? "

" I think it would."

The objection to each of these questions, stated to the court, was that it called for the opinion of the witness upon the question of benefits, and that it was for the jury to determine what benefits and damages would be occasioned by opening the proposed highway.

The witness testified that he was acquainted with the market value of land in the neighborhood of the appellant's farm.

Without regard to other objections that might be urged against these questions, it certainly can not be said of the first that it calls for an opinion as to the benefits and damages that will accrue to appellant's land by reason of opening the proposed highway. It relates to a question of fact, namely, as to whether the highway when opened will be con-

venient to persons residing on the appellant's land, when they desire to travel west.

The second question does call for an opinion, but it is upon a preliminary matter. As to how the road affected the market value of the land, whether it increased or diminished its market value, does not appear. Having testified that he was acquainted with the market value of land in this neighborhood, and that the proposed highway affected the market value of the land over which it was to be located and opened, the witness had shown that he possessed such knowledge as would enable him to give an intelligent answer to one of the vital questions in the case—that is the market value of the land without the highway and its market value with the highway located and opened upon it.

We do not think the court erred in permitting the witness to answer these questions.

Judgment affirmed.

Filed Feb. 4, 1892.