## Boyd `v.` Logansport, Rochester & Northern Traction Company et al.

[No. 19,960.   Filed January 5, 1904.]

161   587
162   309
f162   693

Injunction. — *Eminent Domain.—Interurban Railroads.—Condemnation Proceedings.*—The right of a corporation to exercise the power of eminent domain is a question to be determined in the condemnation proceeding, and a suit to enjoin a traction company from constructing its road on plaintiff's land, for the appropriation of which proceedings had been brought, can not be maintained. *pp. 588, 589.*

Same.—*Eminent Domain.— Condemnation Proceedings.—Interurban Railroads.*—The fact that a court in a condemnation proceeding may make an erroneous ruling does not entitle the aggrieved party to an injunction, the remedy being by appeal from the ruling if authorized by statute, if not, by an appeal from the final judgment. *p. 589.*

Query.—*Corporations.—Eminent Domain.*—Has a *de facto* corporation the right to exercise the power of eminent domain given by statute to a corporation? *p. 589.*

From Cass Circuit Court; *J. M. Rabb,* Special Judge.

Suit by Fred C. Boyd against the Logansport, Rochester & Northern Traction Company and others. From a judgment in favor of defendants, plaintiff appeals. Transferred from Appellate Court, under §1337u Burns 1901. *Affirmed.*

*J. C. Nelson, Q. A. Myers, M. B. Lairy* and *M. F. Mahoney,* for appellant.

*S. T. McConnell, A. G. Jenkines, B. C. Jenkines, A. W. Brady, G. W. Holman* and *R. C. Stephenson,* for appellees.

MONKS, J.—This action was brought by appellant to enjoin appellees from constructing the traction company's road on a strip of land belonging to appellant, described in the complaint, for the appropriation of which as a right of way proceedings had been brought by said traction company in the Cass Circuit Court under the act of 1901 (Acts 1901, p. 461). The complaint was in two paragraphs. Appellees' separate demurrer for want of facts to each paragraph of the complaint was sustained, and, appellant refusing to plead further, judgment was rendered in favor of appellees. The errors assigned call in question the action of the court in sustaining said demurrer.

It appears from the complaint that appellee company, claiming to be a corporation under the laws of this State, for the purpose of condemning a right of way over appellant's real estate, had filed in the Cass Circuit Court an instrument of appropriation, and applied for the appointment of appraisers. It was alleged in the first paragraph of complaint that unless appellees were restrained appraisers would be appointed, and an award made and filed, the amount of the award paid into the clerk's office, and possession of the ground taken, and the company's road built thereon; that on account of certain alleged defects in the articles of association which were filed in the office of Secretary of State on June 27, 1899, said traction company was not a *de jure* corporation, and therefore has no right to exercise the power of eminent domain. The second paragraph proceeds upon the theory that said traction company appellee was neither a *de jure* nor a *de facto* corporation, and had no existence. Prayer for an injunction.

Each paragraph proceeds upon the theory that appellee traction company had no right to exercise the power of eminent domain. If appellee company had no such power under the statute, it could not successfully prosecute said

condemnation proceedings. The right of said traction company to exercise the power of eminent domain was therefore a question to be determined in the condemnation proceeding. *Liberty Tp.* v. *Brumback,* 68 Ind. 93, 95-97; *Swinney* v. *Ft. Wayne, etc., R. Co.,* 59 Ind. 205; Lewis, Eminent Domain (2d ed.), §§388, 391; Mills, Eminent Domain (2d ed.), §61. See, also, *Great Western, etc., Oil Co.* v. *Hawkins,* 30 Ind. App. 557. As appellant had a complete and adequate remedy at law, injunction will not lie. *Taylor* v. *City of Crawfordsville,* 155 Ind. 403, 406, and cases cited. The fact that a court in a condemnation proceeding may make an erroneous ruling does not entitle the aggrieved party to an injunction, but the remedy is by appeal from the ruling if authorized by statute, if not, by an appeal from the final judgment in the cause when the entire proceeding may be reviewed and the errors, if any, corrected by a reversal.

It is strenuously argued by appellant that a *de facto* corporation has no right to exercise the power of eminent domain given by statute to a corporation; that only corporations *de jure* can exercise such right. The conclusion we have reached renders it unnecessary to decide that question. See, however, Elliott, Railroads, §957; Lewis, Eminent Domain (2d ed.), §391, and cases cited; Mills, Eminent Domain (2d ed.), §61; *Aurora, etc., R. Co.* v. *Miller,* 56 Ind. 88, and cases cited; *Doty* v. *Patterson,* 155 Ind. 60, 64, 65, and cases cited; *Marion Bond Co.* v. *Mexican Coffee & Rubber Co.,* 160 Ind. 558; Beach, Priv. Corp., §866; Morawetz, Corp. (2d ed.), §§746, 747; 7 Am. & Eng. Ency. Law (2d ed.), 655, and notes 1 and 2.

It follows that the court did not err in sustaining the demurrer to the complaint. Judgment affirmed.