## HALSTEAD v. CITY OF BRAZIL.
[No. 12,296. Filed April 30, 1925.]

1. EVIDENCE.—*Judicial notice of exact limits or boundaries of cities and towns is not taken.*—While the courts take judicial notice of the existence and the names of the cities and towns in the state, and, in a general sense, of their location, they do not take such notice of their exact limits or boundaries or as to whether a described tract of land is within or without the city limits. p. 56.

2. MUNICIPAL CORPORATIONS.—*Statute authorizes a city to condemn lands within or without the city limits for sewage disposal plant.*—The statute authorizing cities to condemn lands for public use (Acts 1905 p. 219, §93, §10340 Burns 1926, §8696 Burns 1914) does not limit such right to real estate within the particular city exercising the right, from which it follows that a city of the fifth class may condemn land inside or outside the city limits for the purpose of building a sewage disposal plant. p. 56.

3. MUNICIPAL CORPORATIONS.—*City not required to adopt ordinance providing method of procedure to condemn land for public use.*—The statute (Acts 1905 p. 219, §§97-106, §§10351-10360 Burns 1926, §§8700-8709 Burns 1914), prescribes the method of procedure for cities to condemn land for public use and no ordinance providing the method of exercising such power is required. p. 57.

4. INJUNCTION.—*Injunction not authorized to prevent city from condemning land for sewage disposal plant, as the statute provides an adequate remedy by appeal.*—Since a party aggrieved by a condemnation proceeding by a city to procure land on which to erect a sewage disposal plant has an adequate remedy by appeal, he cannot prevent the exercise of this right by injunction. p. 57.

From Clay Circuit Court; *James P. Hughes*, Special Judge.

Suit by James N. Halstead against the City of Brazil. From a judgment for defendant, the plaintiff appeals. *Affirmed.* By the court in banc.

*Bernard C. Craig*, for appellant.

*Otto C. Englehart, Rawley & Baumunk* and *A. C. Miller*, for appellee.

NICHOLS, J.—Action by appellant against appellee, a city of the fifth class, to enjoin it from condemning lands for the purpose of erecting a sewage disposal plant thereon.

It is averred in the complaint that appellee is a city having a population of less than 10,000 as shown by the last census and having less than $7,500,000 of taxables as shown by the last preceding assessment, in effect, that it is a city of the fifth class; that appellant is the owner of certain described real estate in Clay county, Indiana; that such land is valuable in that it is well drained, suited to the growing of crops adapted to this climate, and that it has underlying it a vein of coal and fire clay which cannot be mined except by stripping; that appellee is threatening to, and will, unless enjoined from so doing, enter upon such land and

appropriate it to its own use for the purpose of erecting thereon a sewage treatment plant and its appurtenances, thereby inflicting named damages thereto; that the common council of said city has not adopted any ordinance providing a method for the exercise of its general powers for condemnation of the land. There is a prayer that appellee be permanently enjoined from entering upon said lands and appropriating the same to its own use for the purpose of erecting thereon a sewage disposal treatment plant and its appurtenances, and from doing the things necessary to carry out such purpose. It will be observed that there is no averment as to whether the real estate was inside or outside the city limits.

Appellee's demurrer to this complaint was sustained, and appellant refused to plead further but elected to stand by his complaint. Thereupon judgment was rendered against him that he take nothing, and that he pay the costs. From this judgment, he appeals, assigning as the only error the action of the court in sustaining appellee's demurrer to his complaint.

It is appellant's contention that there is no statutory authority for exercising the right to appropriate his property for public use, that is, to exercise the right of eminent domain, under circumstances such as disclosed by the complaint; the substance of which is above set out, but we are not in harmony with this contention. It is expressly provided by subdivision one of §10340 Burns 1926, §8696 Burns 1914, such section being §93, of the act concerning cities, in force April 15, 1905, Acts 1905 p. 219, that the board of public works, a department of cities of the first and second classes under §10338 Burns 1926, §8694a Burns 1914, Acts 1909 p. 14, shall have power to condemn, rent or purchase any real estate or personal property needed by any such city for any public use; by subdivision three,

to design, order, contract for and erect the improvements or repairs of any property, real or personal, for public purposes, including the erection of works for the collection, treatment and disposal of sewage; by subdivision seven, to lay out, design, order and contract for and construct, alter, and maintain all public drains or sewers within such city, and all drains or sewers without such city and within four miles thereof, which may be necessary to carry off the drainage of such city, and to erect, maintain and operate works for the collection, treatment and disposal of sewage; by subdivision thirteen of §10284 Burns 1926, §8655 Burns 1914, Acts 1905 p. 219, being §53 of said act, the city is authorized to prevent the deposit of any unwholesome substance, either on private or public property, and to provide for the destruction of such substance, or their use for beneficial purposes. For the purposes of this clause, jurisdiction is given to such cities four miles from the corporate limits.

By §11183 Burns 1926, §8959 Burns 1914, Acts 1913 p. 12, it is expressly provided that in cities of the fifth class, such as is described in the complaint and such as is the city of Brazil, the duties of the board of public works, in reference to street, sewer and other public improvements shall be performed by the common council of such city, and that the provisions of the act relating to such improvements in cities of the first, second, third and fourth classes shall apply to cities of the fifth class.

Appellant says that his lands are located outside of the city limits of the city of Brazil, and that, therefore, the city has no authority to exercise the 1, 2. power of eminent domain, but there is no averment in the complaint that the land of appellant here involved is located outside of the city, and, while the courts take judicial notice of the existence of the

names of cities and towns, and, in a general sense, of their location, they do not take such judicial notice of their exact limits and boundaries, or as to whether a described tract of land is within or without the city limits. *Grusenmeyer* v. *City of Logansport* (1881), 76 Ind. 549; *Columbian Oil Co.* v. *Blake* (1895), 13 Ind. App. 680, 42 N. E. 234. But whether the real estate is within or without the city limits of appellee city, as it seems to us, can make no difference, for the statute authorizing condemnation proceedings, §10340 Burns 1926, *supra,* does not limit such right to real estate within the city, but is general in its application. This section and §10284 Burns 1926, *supra,* being sections of the same act are to be construed together for the accomplishment of the purpose of their enactment, and so construed they clearly give to appellant the right of the exercise of eminent domain for the proper disposition of the sewage of the city.

There is no challenge of the regularity of the proceeding by which the city sought to appropriate the land except that the common council of the city

3. had "not adopted any ordinance providing a method for the exercise of its general powers for condemnation of the land." But the method of procedure is provided by the statute (§§10351-10360 Burns 1926, §§8700-8709 Burns 1914, Acts 1905 p. 219, §§97-106), and no ordinance as to the method was required.

Appellant has sought to prevent the exercise of this right of the city by the extraordinary remedy of injunction. The statute clearly gives him

4. an adequate legal remedy. Sections 7680-7691 Burns 1926, §§929-940 Burns 1914, Acts 1909 p. 59, expressly provide the method by which condemnation proceedings may be conducted, the defenses that may be interposed by the owner of the property over which it is sought to exercise the

power of eminent domain, the method of fixing the amount of damages sustained, and a provision for an appeal as in civil actions. Appellant having this adequate remedy at law cannot resort to injunction. The demurrer to the complaint was properly sustained.

Judgment affirmed.