SHEDD *v.* NORTHERN INDIANA PUBLIC SERVICE COMPANY.

[No. 14,402. Filed July 27, 1932. Rehearing denied December 16, 1932. Transfer denied January 4, 1934.]

*Louis B. Ewbank, Malcolm Mecartney, James J. Kilgallon, Tinkham & Galvin,* and *Ewbank & Dowden,* for appellant.

*Frederick C. Crumpacker, John C. Lawyer, Crumpacker & Freidrich,* and *Cooke, Sullivan & Ricks,* for appellee.

LOCKYEAR, J.—On July 1, 1927, the appellee filed in the circuit court of Lake county, Indiana, its complaint for the condemnation of a right of way for electric transmission line over the real estate here involved in this action. The appellant, Charles C. Shedd, and his co-tenants, Charles B. Shedd and Christina Shedd, were defendants to the condemnation proceedings and appeared and filed objections, by which they claimed among other things that the property was being condemned by the appellee not for its own use and benefits, but for the use and benefits of other corporations doing similar business in Indiana and Illinois.

The proceedings were heard and at the appellant's request the court made special finding of facts and stated conclusions of law thereon. All the issues were

found against the appellants, and on April 11, 1928, judgment was rendered in favor of the appellees and appraisers appointed. The appellant and his co-tenants then took an appeal to the Supreme Court of Indiana, where the cause is now pending.

The amended complaint in this action contains four paragraphs; the first paragraph prays for an injunction because the appraisers in the condemnation proceedings only appraised the value of the easment taken and is upon the theory that the appellee is not entitled to take possession under section 7687, Burns 1926 (§14067, Baldwin's 1934), upon paying to the clerk of the court the amount of damages assessed by the appraisers, unless the appraisers fix the value of the fee in the land in which the easment is condemned.

The appellant does not deny that an easment only is taken and condemned.

The second paragraph prays for an injunction for the reason that the condemnation is for the use of utility corporations other than the appellee.

The third and fourth paragraphs are upon the same theory, but differently stated.

The issues were formed by demurrer filed by appellee to each paragraph of the complaint.

Judgment was rendered against appellant, hence this appeal.

The only question that we need to consider as raised by the demurrer is that the court in the condemnation proceedings had jurisdiction of the parties and subject matter and proceedings in such condemnation are valid against collateral attack, and therefore, if there is any error in the appraisal and proceedings, the proper remedy was to follow the proceedings prescribed by law and appeal in the condemnation proceedings, which was done.

In the case of *Boss et al.* v. *City of Ft. Wayne et al.* (1889), 121 Ind. 389, 23 N. E. 259, where, on page 392, the court, speaking through Elliott, J., says, "It is well settled that where there is jurisdiction and right of appeal, defects or irregularities in the proceedings can not be made available in a collateral attack." See the following cases, *Jackson* v. *Smith* (1889), 120 Ind. 520, 22 N. E. 431; *Kleyla* v. *Haskell* (1887), 112 Ind. 515, 14 N. E. 387; *Caskey* v. *City of Greensburg* (1881), 78 Ind. 233; also *Halsted* v. *City of Brazil* (1924), 83 Ind. App. 53, 147 N. E. 629.

All the questions raised by the appellants in this case could have been determined and settled in the condemnation proceedings above referred to. Therefore it is unnecessary for us to decide any other questions presented in this appeal.

Judgment is affirmed.