**Joan LEINBACH, Special Administratrix of the Estate of Earl R. Leinbach, Deceased, Appellant–Plaintiff,**

v.

**STATE of Indiana, and Indiana State Highway Commission, Appellees–Defendants.**

**No. 50A03–9105–CV–147.**

Court of Appeals of Indiana, Third District.

March 11, 1992.

Mark L. Phillips, James W. Kaminski, Newby, Lewis, Kaminski & Jones, LaPorte, for appellant-plaintiff.

Linley E. Pearson, Atty. Gen., Daniel F. Kelly, Deputy Atty. Gen., Indianapolis, for appellees-defendants.

GARRARD, Judge.

This is an appeal from a grant of summary judgment finding the State of Indiana and the Indiana State Highway Commission (State) immune from liability under the Indiana Tort Claims Act for the death of Earl R. Leinbach (Leinbach) which resulted from an automobile accident on an ice-covered highway. We affirm.

On February 27, 1981, at approximately 7:15 a.m., Leinbach died in an automobile accident occurring on U.S. 35 in Starke County, Indiana. He was southbound on U.S. 35 and lost control of his vehicle on an icy overpass. The ice was the result of freezing rain which had begun to fall shortly before the accident.

On February 23, 1983, the Estate of Earl Leinbach (Estate) filed a complaint in the Starke Circuit Court alleging that the State's negligence caused Leinbach's accident. The Estate argued that the State failed to exercise reasonable diligence in maintaining a hazardous, ice covered public roadway after it had actual and constructive notice that the roadway was ice covered. The State appeared, filed an answer, and moved for a change of venue. The motion was granted and the case was eventually venued to the Marshall Circuit Court. After discovery commenced, the State moved for summary judgment on July 11, 1990. Among other arguments, the State contended it was immune from liability for the accident because it was the result of natural weather conditions on its roadways. On August 13, 1990, the Estate filed its memorandum in opposition to summary judgment. After a hearing on the matter, the court granted the State's motion for summary judgment on January 30, 1991, holding in relevant part:

3. That the ice on the overpass on U.S. 35 was a temporary condition of a public thoroughfare which results from weather.

4. That I.C. 34-4-16.5-3 prov[id]es in part as follows: A governmental entity or an employee acting within the scope of his employment is not liable if a loss results from:

\* \* \* \* \* \*

(3) The temporary condition of a public thoroughfare which results from the weather.

5. That the State of Indiana and the Indiana State Highway Commission are "government entitles" [sic].

6. That the Defendants, State of Indiana and Indiana Highway Commission, are not liable for the Plaintiff's loss.

(R. p. 579)

As a result, the Estate appeals.

The Estate raises the following issues:

A. Does an issue of material fact exist as to whether the highway condition resulting in the death of Leinbach was a "temporary condition" caused by weather pursuant to the language of the Indiana Tort Claims Act?

B. Does the Indiana Tort Claims Act provide absolute immunity to the State for accidents arising from temporary icy and hazardous road conditions if the State had actual or constructive notice of a hazardous weather condition that caused the roadway to become unsafe and failed to act to alleviate the unsafe condition?

Summary judgment is appropriate only when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *Hatton v. Fraternal Order of Eagles* (1990), Ind. App., 551 N.E.2d 479, 480, *trans. denied.* The movant bears the burden of proving the absence of any genuine issue of material fact, and all reasonable inferences must be resolved in favor of the non-movant. *Webb v. Jarvis* (1991), Ind., 575 N.E.2d 992, 995.

 First, the Estate contends it is unclear whether the immunity provision of the Indiana Tort Claims Act is applicable because there is a genuine issue of material fact as to whether the road condition resulting in Leinbach's death was a "tem-

porary condition" pursuant to the Act. We disagree.

In support of its argument, the Estate contends:

Clearly the trial court erred by holding that as a matter of law that the icy roadways were the result of a temporary weather condition. The issue of what constitutes a 'temporary weather condition' for purposes of immunity is a factual issue for the jury to determine. It is reasonable to infer from the facts within this record that the weather conditions at the time of the collision were not 'temporary' given the fact that the Indiana State Highway Department received numerous dispatches in Murray and Trettal weather reports regarding weather conditions throughout the hours prior to the collision. It is reasonable to infer from the facts that the State contracted with Murray and Trettal to receive information regarding weather conditions to make an informed choice regarding maintaining public roadways. The State, as shown by the record, ignored the Murray and Trettal reports and decided not to act. Thus, there exists a clear issue of fact as to whether the weather condition at the time of the collision which resulted in the death of Leinbach was 'temporary.'

(Appellant's Brief, pp. 14–15)

We find the Estate's argument to be confused. The Act provides that a governmental entity is not liable if a loss results from the *temporary condition of a public thoroughfare* which results from weather. IC 34–4–16.5–3(3) (emphasis added). Therefore, the relevant inquiry is whether the loss resulted from the temporary condition of the highway, not the temporary condition of the weather. The trial court held that "the ice on the overpass on U.S. 35 was a *temporary condition of a public thoroughfare* which results from the weather" (R. p. 576) (emphasis added). Even if the State had notice of predictions that bad weather was approaching, such facts were irrelevant to the "condition of the overpass" at issue. The relevant inquiry in this case is whether the allegedly unsafe condition was temporary and a result of the weather.

The facts most favorable to the Estate reveal that early in the morning on February 27, 1981, as part of a winter storm, rain began to fall and then froze because of low temperatures, resulting in the overpass at issue becoming ice covered. Leinbach died in an accident on that overpass within a few hours after the winter storm began. Under these facts, there can be no doubt that the icy condition of the overpass when Leinbach's accident occurred was a "temporary condition of a public thoroughfare which results from weather" pursuant to IC 34–4–16.5–3(3). No jury could find otherwise. No error has been demonstrated in regard to this issue by the Estate.

The Estate next contends that the immunity provision of IC 34–4–16.5–3(3) is not absolute in that the State cannot avoid liability when it fails to keep its roadways in a reasonably safe condition after having knowledge of hazardous conditions and failing to act. We disagree.

Under Indiana law, we continue to recognize the common law duty of a governmental entity to exercise reasonable care and diligence in keeping its streets and sidewalks in a reasonably safe condition. *Walton v. Ramp* (1980), Ind.App., 407 N.E.2d 1189, 1191. The Estate claims this duty was violated by the State because the State had actual or constructive notice of the the highway's poor condition and failed to act to correct it before Leinbach's fatal accident. Restated, the Estate is alleging that the State was "negligent" for failing to correct a temporary condition of a roadway caused by the weather when it had notice of the condition a few hours before the accident in question.

Essentially, the Estate is asking us to ignore another common law precedent holding that a governmental entity is not liable for injuries caused by defects in its streets and sidewalks due to the natural accumulation of ice and snow. *See, i.e., City of South Bend v. Fink* (1966), 139 Ind.App. 282, 219 N.E.2d 441, 443; *City of Linton v. Jones* (1921), 75 Ind.App. 320, 130 N.E. 541. Our legislature has codified the law in this

area in IC 34–4–16.5–3(3), which provides that governmental entities are not liable for losses resulting from temporary conditions of highways caused by weather. Although the immunity provisions do not abrogate the common law duty to maintain highways, that duty simply does not apply when a road is *temporarily* icy because of inclement weather. The Estate has failed to direct us to a case holding otherwise.

In this case, the immunity granted is a freedom from liability grounded principally upon the special status of the State and the Indiana State Highway Commission as governmental entities. The listed areas of immunity in the Indiana Tort Claims Act are quite broad and protect governmental entities even in cases involving tortious behavior by those entities. *State, Dept. of Natural Resources v. Taylor* (1981), Ind.App., 419 N.E.2d 819, 823, *trans. denied.* Although the governmental entity may be a wrongdoer, for a variety of reasons, the legislature and the judiciary have historically decided that the entity may escape liability.

In our case, the Indiana legislature has spoken on the subject by codifying, among other immunity provisions, IC 34–4–16.5–3(3). That provision states that governmental entities are not liable for losses incurred due to the temporary condition of highways resulting from weather. The Estate's claim fits squarely into that immunity provision. As a result, immunity exists, and the State's negligence, if any, is irrelevant. We cannot allow the Estate to characterize its action as something that it is not in order to avoid the clear mandates of the Indiana Tort Claims Act.

The trial court's grant of summary judgment is affirmed.

SHIELDS, P.J., and STATON, J., concur.