**BOARD OF COMMISSIONERS OF STEUBEN COUNTY, Appellant–Defendant,**

v.

**Jose F. ANGULO and Carrie L. Angulo, Appellees–Plaintiffs.**

No. 76A05–9402–CV–55.

Court of Appeals of Indiana.

April 24, 1995.

Publication Ordered Sept. 25, 1995.

Robert T. Keen, Jr., Douglas A. Hoffman, Miller Carson Boxberger & Murphy, Fort Wayne, for Appellant.

Edward E. Beck, Shambaugh, Kast, Beck & Williams, Fort Wayne, for Appellee.

## OPINION

RUCKER, Judge.

On a dark and foggy night Jose Angulo drove his car off a highway in Steuben County and crashed into a tree. He sued the Board of Commissioners of Steuben County (the County) claiming negligence in the maintenance of the highway. His wife joined as a plaintiff asserting loss of consortium. The County responded by filing a motion for summary judgment which the trial court denied.

The County perfected this interlocutory appeal contending the trial court erred because the injuries sustained by the Angulos were the result of the natural conditions of a roadway. Thus, according to the County, it is immune from suit.

We affirm.

On November 21, 1991, at approximately 11:35 p.m., Jose Angulo was injured in a one-car collision in Steuben County when he failed to navigate a curve and drove his car off of the roadway and into a tree. A dense fog that evening reduced Angulo's visibility. As a result of the collision, Angulo was injured and filed suit against the County alleging negligence. After conducting discovery, the County filed a motion for summary judgment claiming that because the accident was caused by the fog, the County was immune from liability for the Angulos' losses pursuant to Ind.Code § 34–4–16.5–3(3). The statute provides in pertinent part: "A governmental entity or an employee acting within the scope of the employee's employment is not liable if a loss results from ... (3) the temporary condition of a public thoroughfare which results from weather[.]" The trial court denied the County's motion for summary judgment and also denied its motion to certify the order for purposes of an interlocutory appeal. Thereafter, the County filed another motion for summary judgment raising the same arguments as in its first motion. Summary judgment was again denied. This time, however, the trial court agreed to certify its order and this interlocutory appeal ensued in due course.

■ On an appeal from the denial of a motion for summary judgment, we apply the same standard applicable in the trial court. *NIPSCO v. Sell* (1992), Ind.App., 597 N.E.2d 329, *trans. denied.* We must determine whether the record reveals a genuine issue of material fact and whether the trial court correctly applied the law. *Shuamber v. Henderson* (1991), Ind., 579 N.E.2d 452, 454. A fact is material if it facilitates the resolution of any of the issues involved. *State Street Duffy's, Inc. v. Loyd* (1993), Ind.App., 623 N.E.2d 1099, *trans. denied.* Any doubt as to a fact, or an inference to be drawn, is resolved in favor of the non-moving party.

*Malachowski v. Bank One, Indianapolis* (1992), Ind., 590 N.E.2d 559, 562. Even if the trial court believes that the non-moving party will be unsuccessful at trial, summary judgment should not be entered where material facts conflict or where conflicting inferences are possible. *Loyd,* 623 N.E.2d at 1101.

■ The law is settled that governmental entities are immune for losses resulting from roads rendered temporarily hazardous by inclement weather. *See* I.C. § 34–4–16.5–3(3); *Leinbach v. State* (1992), Ind.App., 587 N.E.2d 733. However, this immunity does not automatically arise every time an accident occurs during bad weather. *See e.g. Dahms v. Henry* (1994), Ind.App., 629 N.E.2d 249 (reversing summary judgment where genuine issue of material fact existed regarding whether accident was caused by weather conditions or by government official's failure to maintain appropriate speed); *Walton v. Ramp* (1980), Ind.App., 407 N.E.2d 1189 (reversing summary judgment in favor of county where genuine issue of material fact existed regarding whether landowner's disposal of water on road which caused an icy spot was a temporary condition resulting from the weather). Rather, in determining whether a governmental entity is immune under I.C. § 34–4–16.5–3(3), the relevant inquiry is whether the loss suffered by the plaintiffs was actually a result of the weather or some other factor. *Leinbach,* 587 N.E.2d at 736.

■ In support of its contention that the Angulos' injuries were the result of the temporary condition of the roadway, the County relies on a portion of Jose Angulo's deposition in which Mr. Angulo opined that the accident would not have occurred but for the fog. *Record* at 160. The County properly designated portions of the deposition in accordance with Ind.Trial Rule 56(C). However, in opposition to the County's motion for summary judgment, the Angulos also specifically designated, among other things, their two-count complaint and other portions of Mr. Angulo's deposition. The complaint alleged the County was negligent in the maintenance and design of the roadway which included "[f]ailure ... to place appropriate markings on the roadway ..." and "[f]ailure

... to post appropriate warning signs...." *Record* at 11. The designated portions of Mr. Angulo's deposition indicated that the subject roadway contained ruts which at times caused the car to "bounce off as you come up the curve." *Record* at 149.

In summary judgment actions all evidence must be construed in favor of the opposing party, and all doubts as to the existence of a material issue must be resolved against the moving party. Even if facts are not in dispute, summary judgment is inappropriate if conflicting inferences arise. *ITT Commercial Finance Corp. v. Union Bank & Trust Co.* (1988), Ind.App., 528 N.E.2d 1149. Here, the Angulos' designated materials concerning the physical condition of Fremont Road are not overwhelming; however, the material is sufficient to withstand the County's contention that the fog, a temporary weather condition, was the sole proximate cause of the collision and the Angulos' resulting injuries. The trial court properly denied the County's Motion for Summary Judgment.

Judgment affirmed.

BARTEAU and ROBERTSON, JJ., concur.

### ORDER

This Court having heretofore handed down its opinion in this appeal on April 24, 1995 marked "Memorandum Decision, Not for Publication"; and

The appellees, by counsel, having thereafter filed their Petition for Publication alleging therein that the decision should be published by a written opinion because the opinion clarifies the scope of the governmental immunity pursuant to I.C. 34–4–16.5–3(3), which said Petition is in the following words and figures, to-wit:

(H.I.)

And the Court having voted to grant the appellees' Petition for Publication and to publish the opinion, thereafter issued its order ordering the appellant to show cause within fifteen (15) days from the date of that Order, why this Court's opinion previously handed down as a Memorandum Decision, Not for Publication, should not now be published; and

The appellant having failed to file a response to the show cause order, the Court now finds that the appellees' Petition for Publication should be granted and that this Court's opinion in this appeal should now be ordered published.

IT IS THEREFORE ORDERED as follows:

The appellees' Petition for Publication is granted and this Court's opinion heretofore handed down in this cause on April 24, 1995 marked "Memorandum Decision, Not for Publication" is now ordered published.