Robert B. SCHMIDT, as Personal Representative of the Estate of Jo Anne Bowgren, Deceased, and Judith A. Follis, as Personal Representative of the Estate of Leonard Bowgren, Deceased, Appellants–Plaintiffs,

v.

AMERICAN TRAILER COURT, INC., an Indiana Corporation d/b/a Elmwood Park, Joseph Cappuzzello d/b/a Elmwood Park, Anne H. Cappuzzello d/b/a Elmwood Park, Professional Seal Coating, and William M. Hamady d/b/a Professional Seal Coating, Appellees–Defendants.

No. 64A03–9904–CV–168.

Court of Appeals of Indiana.

Dec. 13, 1999.

Kenneth J. Allen, James E. Brammer, Kenneth J. Allen & Associates, P.C., Valparaiso, Attorneys for Appellant.

Robert D. Hawk, Michael T. Terwilliger, Spangler, Jennings & Dougherty, P.C., Merrillville, Attorneys for Appellee.

## OPINION

KIRSCH, J.

Robert Schmidt and Judith Follis (collectively "personal representatives"), as personal representatives of the estates of Jo Anne Bowgren and Leonard Bowgren respectively, appeal from the trial court's order granting summary judgment in favor of American Trailer Court, Inc., an Indiana Corporation d/b/a Elmwood Park, Joseph Cappuzzello d/b/a Elmwood Park and Anne Cappuzzello d/b/a Elmwood Park (collectively "Elmwood Park"). The personal representatives' claim arises from Jo Anne's slip and fall allegedly occurring on Elmwood Park's property which resulted in Jo Anne's death. On appeal, the personal representatives raise three issues which we consolidate and restate as follows: whether Elmwood Park as the moving party satisfied its burden of demonstrating that no genuine issue of material fact exists concerning the exact location and cause of Jo Anne's fall.

We reverse.

## FACTS AND PROCEDURAL HISTORY

Based upon the applicable standard of review for summary judgment, we view the evidence in the light most favorable to the personal representatives as the non-moving parties. On the morning of January 27, 1996, Jo Anne fell on a sidewalk while walking from her home in Elmwood Mobile Home Park to the outgoing mailbox. The sidewalk ran in front of her home and in front of other lots adjacent to her home. After falling, Jo Anne was unable to walk, and she crawled back to the front of her own home where she called for Leonard, her husband. She told Leonard that she had fallen in front of the vacant lot next door to her home where there was a split in the sidewalk that caused the surface of the sidewalk to be uneven.

Jo Anne underwent hip replacement surgery on the same day as the accident. Leonard immediately notified his stepson Robert to tell him about the incident. Later that same afternoon, Leonard related Jo Anne's statement about the location of her fall to his son Norman. Leonard also told his daughter, Judith, about Jo Anne's fall on the icy sidewalk. Judith went to the Bowgrens' home later in the day and saw displaced snow on the sidewalk in front of the vacant lot. She connected this location to a place where she remembered a portion of the sidewalk that was uneven. Norman also observed impressions in the snow on the same sidewalk around the uneven portion.

Jo Anne died on February 21, 1996, approximately three weeks after sustaining her injuries. Leonard died a short time later. On December 26, 1997, the personal representatives filed their wrongful death and survival action against Elmwood Park based upon negligence in the maintenance of the sidewalk. Elmwood Park filed its summary judgment motion on November 24, 1999, arguing that summary judgment should be granted because neither representative witnessed the fall, and the only competent evidence of the fall came from the Bowgrens, who were both deceased. On April 8, 1999, the trial court granted Elmwood Park's motion for summary judgment stating:

> "The Court finds that there is no admissible evidence to prove the exact location where Plaintiffs [sic] decedent fell and further that there is no evidence whatsoever to prove the specific cause of Plaintiffs decedents [sic] fall. Consequently, the Court finds that there is no genuine issue as to any material fact and that Defendant Elmwood Park, is entitled to judgment as a matter of law."

*Record* at 377. The representatives of the respective estates now appeal the grant of summary judgment in favor of Elmwood Park.[1]

---

1. Professional Seal Coating and William M. Hamady d/b/a Professional Seal Coating are not parties to this appeal.

## DISCUSSION AND DECISION

In reviewing a decision on summary judgment, this court applies the same standard as the trial court. Ind. Trial Rule 56(C); *Schrader v. Eli Lilly & Co.*, 639 N.E.2d 258, 261 (Ind.1994). Summary judgment shall be granted if the designated evidentiary matter demonstrates that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. T.R. 56(C). We construe the pleadings, affidavits, and designated materials in a light most favorable to the nonmovant and give careful scrutiny to assure that the losing party is not improperly deprived of having its day in court. *Hartford Acc. & Indem. Co. v. Dana Corp.*, 690 N.E.2d 285, 291 (Ind.Ct.App.1997), *trans. denied.* When there are disputed material facts, or if undisputed facts give rise to conflicting reasonable inferences that affect the outcome, they must be resolved in favor of the nonmovant. *Warner Trucking, Inc. v. Carolina Cas. Ins. Co.*, 686 N.E.2d 102, 104 (Ind.1997). To prevail on a summary judgment motion in a negligence case, the defendant must demonstrate that the undisputed material facts negate at least one element of the plaintiff's claim or that the claim is barred by an affirmative defense. *Jacques v. Allied Bldg. Svcs. of Indiana*, 717 N.E.2d 606, 608 (Ind.Ct.App.1999); *Goldsberry v. Grubbs*, 672 N.E.2d 475, 476 (Ind.Ct.App.1996).

This case illustrates the marked difference in summary judgment procedure in Indiana as compared to federal practice. In Indiana, the party moving for summary judgment has the burden of establishing that no genuine issue of material fact exists. *Jarboe v. Landmark Community Newspapers*, 644 N.E.2d 118, 123 (Ind.1994); *Lenhardt Tool & Die Co., v. Lumpe*, 703 N.E.2d 1079, 1082 (Ind.Ct. App.1998). Once the moving party has met this burden with a prima facie showing, the burden shifts to the nonmoving party to establish that a genuine issue does in fact exist. *Id.* In contrast, the federal summary judgment approach requires summary judgment to be granted against a party who fails to establish an essential element of that party's case as to which that party bears the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The United States Supreme Court in *Celotex* expressly rejected the view that the nonmoving party bears the burden of responding to the summary judgment motion only once the movant has come forward with evidence of the absence of any genuine issue of material fact. *Id.* at 322, 106 S.Ct. at 2552. The Court stated:

"We think that the position taken by the majority of the Court of Appeals is inconsistent with the standard for summary judgment set forth in Rule 56(c) of the Federal Rules of Civil Procedure. Under Rule 56(c), summary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is 'entitled to a judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof. '[T]h[e] standard [for granting summary judgment] mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a).…' *Anderson v. Liberty Lobby*,

*Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact. But unlike the Court of Appeals, we find no express or implied requirement in Rule 56 that the moving party support its motion with affidavits or other similar materials negating the opponent's claim. On the contrary, Rule 56(c), which refers to 'the affidavits, if any,' suggests the absence of such a requirement. And if there were any doubt about the meaning of Rule 56(c) in this regard, such doubt is clearly removed by Rules 56(a) and (b), which provide that claimants and defendants, respectively, may move for summary judgment 'with or without supporting affidavits.' The import of these subsections is that, regardless of whether the moving party accompanies its summary judgment motion with affidavits, the motion may, and should, be granted so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment, as set forth in Rule 56(c), is satisfied. One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses, and we think it should be interpreted in a way that allows it to accomplish this purpose."

*Id.* at 322–24, 106 S.Ct. at 2552–53.

Prior to our supreme court's decision in *Jarboe,* this court in *Watson Rural Water Co., v. Indiana Cities Water Corp.,* 540 N.E.2d 131, 139 (Ind.Ct.App.1989), applied the *Celotex* standard for summary judgment. We held that in order to defeat a summary judgment motion, the nonmovant was required to establish each essential element of the party's claim upon which it bears the burden of proof. *Id.*

In *Jarboe,* our supreme court rejected the federal summary judgment approach. The court explained Indiana's summary judgment framework as follows:

"The burden imposed at trial upon the party with the burden of proof on an issue is significantly different from that required of a non-movant in an Indiana summary judgment proceeding. Under Indiana's standard, the party seeking summary judgment must demonstrate the absence of any genuine issue of fact as to a determinative issue, and only then is the non-movant required to come forward with contrary evidence.

In this respect, Indiana's summary judgment procedure abruptly diverges from federal summary judgment practice. Under the federal rule, the party seeking summary judgment is not required to negate an opponent's claim. The movant need only inform the court of the basis of the motion and identify relevant portions of the record 'which it believes demonstrate the absence of a genuine issue of material fact.' *Celotex Corp. v. Catrett* (1986), 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265, 272. The burden then rests upon the nonmoving party to make a showing sufficient to establish the existence of each challenged element upon which the non-movant has the burden of proof. *Id.* Indiana does not adhere to *Celotex* and the federal methodology."

*Id.* at 123.

■ In the present case, the personal representatives claim that Elmwood Park was negligent in failing to maintain its property in a safe and reasonable manner. To recover on a negligence claim, the plaintiff must establish: 1) a duty owed to the plaintiff by the defendant; 2) defendant's breach of that duty; and 3) injury to the plaintiff proximately caused by the breach. *Jacques,* 717 N.E.2d at 608. The dispositive issue is whether Elmwood Park adequately established the lack of a material issue of fact on the duty element. Generally, the issue of whether a duty

exists is a question of law for the court to determine. *Jacques,* 717 N.E.2d at 608 (citing *Webb v. Jarvis,* 575 N.E.2d 992, 995 (Ind.1991)). However, questions of fact may be interwoven in this issue, thus rendering the existence of a duty a mixed question of law and fact, which must ultimately be resolved by the finder of fact. *Jacques,* 717 N.E.2d at 608. Here, Elmwood Park as the moving party had the burden of establishing the absence of any genuine issue of material fact regarding the location of Jo Anne's fall. Elmwood Park did not meet this burden.

In support of its summary judgment motion, Elmwood Park designated various documents including portions of the depositions of Robert Schmidt, Judith Follis, and Joseph Cappuzzello, answers of interrogatories to Follis and Schmidt, and Jo Anne's medical records. At most, this evidence establishes that at the present time the plaintiffs are unable to make a sufficient showing on an element on which they have the burden of proof. Thus, under federal summary judgment practice they may be entitled to summary judgment. Under Indiana practice, however, this evidence is insufficient to establish the absence of a genuine issue of material fact on the duty element of the negligence claim. Nothing in these materials specifically refutes the allegation that Jo Anne fell on the sidewalk in front of the vacant lot on Elmwood Park's property. Elmwood Park offered no evidence to establish that Jo Anne fell in another location off its property. Elmwood Park failed to designate sufficient evidence to shift the burden to the personal representatives to demonstrate the existence of a genuine issue of material fact as to the exact location of the fall. *See Lenhardt Tool & Die Co.,* 703 N.E.2d at 1084.

Resolution of a case by summary judgment is appropriate only if the evidence before the court establishes that there are no disputed issues of material fact to be tried and that the moving party is entitled to judgment on the undisputed facts. T.R. 56(C). Summary judgment should have been denied here because Elmwood Park failed to demonstrate the absence of a genuine issue of fact regarding an essential element of the plaintiffs' claim, and thus a triable issue of fact remains as to the location of Jo Anne's fall. Accordingly, we hold that since Elmwood Park failed to satisfy its burden, it was not entitled to the grant of summary judgment.

Reversed and remanded.

SHARPNACK, C.J., and RILEY, J., concur.