Joyce HERTZ, Appellant–Plaintiff,

v.

**SCHOOL CITY OF EAST CHICAGO,**
**Appellee–Defendant.**

No. 45A04–0004–CV–162.

Court of Appeals of Indiana.

Feb. 6, 2001.

Andrew A. Crosmer, Rubino & Crosmer, Munster, IN, Attorney for Appellant.

Bruce P. Clark, Stacy J. Vasilak, Bruce P. Clark & Associates, Munster, IN, Attorneys for Appellee.

## OPINION

ROBB, Judge

Joyce Hertz appeals the trial court's grant of summary judgment in favor of School City of East Chicago (the "school"). We reverse.

### Issues

Hertz raises the following restated issues for our review:

1. Whether the school was entitled to summary judgment because as a governmental entity, it was immune from suit pursuant to Indiana Code section 34–13–3–3.

2. Whether the school was entitled to summary judgment because as a governmental entity, it was entitled to common law sovereign immunity.

### Facts and Procedural History

The facts most favorable to the non-movant reveal that Hertz is employed as a teacher by the school. On February 1, 1997, Hertz arrived at the school to attend a wrestling meet. As she crossed the parking lot, she slipped and fell. She fell a second time on the sidewalk leading to the school. There was an accumulation of ice and snow on both the parking lot and the

sidewalk of the school. As a result of the two falls, Hertz was injured.

On September 10, 1998, Hertz filed a complaint against the school alleging that she was injured as a result of the school's negligence. Thereafter, the school filed a motion for summary judgment claiming that it was statutorily immune under the Indiana Tort Claims Act from Hertz's claim of negligence. Following a hearing, the trial court granted summary judgment in favor of the school. This appeal ensued.

## Discussion and Decision

### I. Standard of Review for Summary Judgment

We employ the same standard used by the trial court when reviewing the grant or denial of summary judgment. *Dague v. Fort Wayne Newspapers, Inc.*, 647 N.E.2d 1138, 1139 (Ind.Ct.App.1995), *trans. denied.* "Summary judgment is appropriate only when the evidentiary matter designated by the parties shows that there are no genuine issues as to any material fact and that the moving party is entitled to judgment as a matter of law." *Id.* at 1139–40 (citing Ind. Trial Rule 56(C)). Although our analysis proceeds from the premise that summary judgment is rarely appropriate in negligence actions, "a defendant is entitled to judgment as a matter of law when the undisputed material facts negate at least one element of the plaintiff's claims." *Colen v. Pride Vending Serv.*, 654 N.E.2d 1159, 1162 (Ind.Ct.App. 1995), *trans. denied.* A trial court's grant of summary judgment is "clothed with a presumption of validity" on appeal, and the appellants bear the burden of demonstrating that the trial court erred. *Id.* Nevertheless, we must carefully scrutinize the trial court's decision to ensure that Hertz was not improperly denied his day in court. *See id.*

Therefore, on appeal, we must determine whether the record reveals a genuine issue of material fact and whether the trial court correctly applied the law. *Shuamber v. Henderson*, 579 N.E.2d 452, 454 (Ind.1991). A fact is material if it facilitates the resolution of any of the issues involved. *State Street Duffy's, Inc. v. Loyd*, 623 N.E.2d 1099, 1100 (Ind.Ct.App. 1993), *trans. denied.* Any doubt as to a fact, or an inference to be drawn, is resolved in favor of the non-moving party. *Malachowski v. Bank One, Indianapolis*, 590 N.E.2d 559, 562 (Ind.1992).

### II. Statutory Immunity

Hertz contends that the trial court erred in granting summary judgment in favor of the school because the governmental entity was not entitled to immunity under Indiana Code section 34–13–3–3. We agree.

Governmental immunity from suit is regulated by Indiana Code sections 34–13–1–1 through 34–13–6–7, (the "Act"). Pursuant to the Act, governmental entities are subject to liability for torts committed by their agencies or employees unless one of the immunity provisions of the Act applies. *Scott v. City of Seymour*, 659 N.E.2d 585, 588 (Ind.Ct.App.1995). The entity seeking immunity bears the burden of proving that its conduct falls within one of the exceptions set out in the Act. *Id.* Because the Act is in derogation of the common law, it is narrowly construed against the grant of immunity. *Jacobs v. Board of Comm'rs of Morgan County*, 652 N.E.2d 94, 98 (Ind.Ct.App.1995), *trans. denied.* Whether a governmental entity is immune from liability is a question of law for the courts, although it may include an extended factual development. *Peavler v. Board of Comm'rs of Monroe County*, 528 N.E.2d 40, 46 (Ind.1988). The relevant immunity provision in the Act provides in pertinent part that:

A government entity or an employee acting within the scope of the employee's employment is not liable if a loss results from: . . . the temporary condition of a public thoroughfare that results from weather.

Ind.Code § 34–13–3–3(3). We have previously held that Indiana Code section 34–13–3–3 [1] is a codification of a governmental entity's common law duty to exercise reasonable care and diligence to keep its streets and sidewalks in a reasonably safe condition for travel. *Walton v. Ramp*, 407 N.E.2d 1189, 1191 (Ind.Ct.App.1980).

We believe that the determination of whether the school was entitled to summary judgment hinges on whether the ice and snow accumulation on the school's parking lot and sidewalk was a "temporary" condition within the meaning of Indiana Code section 34–13–3–3. "Temporary" is the opposite of permanent. *State v. Curtis*, 241 Ind. 507, 173 N.E.2d 652, 653 (1961). However, the definition of temporary is not so broad as to include everything that is not permanent. *Van Bree v. Harrison County*, 584 N.E.2d 1114, 1117 (Ind.Ct.App.1992), *trans. denied*. Recently, this court examined the term "temporary" as contained in Indiana Code section 34–13–3–3. *Catt v. Board of Comm'rs of Knox County*, 736 N.E.2d 341 (Ind.Ct.App.2000). In *Catt*, the plaintiff was injured when he drove into a ditch where a culvert had existed but had been washed away by heavy rainfall. *Id.* at 344. The culvert had washed away several times prior to the date of the plaintiff's accident. *Id.* at 346. Consequently, the plaintiff filed suit against the governmental unit alleging negligence in the inspection, design, and maintenance of the culvert. *Id.* at 344. Thereafter, the governmental unit moved for summary judgment on the basis that it was statutorily immune under the Act pursuant to Indiana Code section 34–13–3–3. *Id.* We stated that:

[A] determination of whether a condition is 'temporary' as set forth in Indiana Code section 34–13–3–3 hinges on the unique factual circumstances of a case;

a 'bright line test' is inapplicable for purposes of this analysis. *Id.* at 345. For example, inclement weather, such as heavy rainfall, may temporarily cause a roadway or bridge to be dangerous or impassable for motorists because of flooding. However, if this condition is due to poor inspection, design, or maintenance of the thoroughfare then the condition of the thoroughfare could be considered 'permanent' under Indiana Code section 34–13–3–3.

*Id.* at 346. After examining the designated materials, we reversed the trial court's grant of summary judgment in favor of the governmental unit. *Id.* at 347.

In opposition to the school's motion for summary judgment, Hertz designated her deposition that established that on February 1, 1997, she suffered injuries when she fell due to the icy condition of the school's parking lot and sidewalk. R. 97, 78. In addition, Hertz designated the deposition of Victor Sanchez, the maintenance supervisor of the school, which established that there was no precipitation on February 1, 1997, and that the last day it had snowed was on January 26, 1997. Thus, a significant time period existed between the accumulation of snow and ice and Hertz's fall on the parking lot and sidewalk of the school. Therefore, we believe that Hertz's designated materials are sufficient to raise an issue of fact with respect to the school's contention that the sole and proximate cause of Hertz's injuries was the "temporary" condition of the parking lot and sidewalk caused by the snow and ice. Because the school failed to satisfy its burden of proof that no genuine issue of material fact exists, we believe that the trial court erred in concluding that the school was entitled to statutory sovereign immunity.[2]

---

1. Formerly Indiana Code section 34–4–16.5–3.

2. We agree with the dissent that Hertz has not alleged that the parking lot and sidewalk were defectively designed. However, unlike the dissent, we believe it is a question for the

fact finder whether the school's parking lot and sidewalk remained a "temporary condition" in light of the allegations that the school had failed to act in a timely manner as provided in the statute and local ordinance in not removing the ice and snow which had accu-

### III. Common Law Sovereign Immunity

▪ Hertz also contends that the trial court erred in granting summary judgment in favor of the school because the governmental unit was not entitled to common law sovereign immunity. We agree.

Because the school is not entitled to immunity under the Act, we must now examine whether common law sovereign immunity shields the school from tort liability. Common law sovereign immunity has long been recognized in Indiana. *See e.g., Perkins v. State,* 252 Ind. 549, 251 N.E.2d 30, 32 (1969). Recently, the Indiana Supreme Court clarified the doctrine of common law sovereign immunity in *Benton v. City of Oakland City, Indiana,* 721 N.E.2d 224 (Ind.1999). The Court stated that "the duty owed to a private individual" was nothing more than a "duty to use reasonable care" and that a governmental unit is bound by the same duty of care as a private individual, except in a few limited circumstances. *Id.* at 228, 230. The Court in *Benton* listed three circumstances where a governmental unit could invoke common law sovereign immunity, these being: (1) where a city or state fails to provide adequate police protection to prevent crime; (2) where a state official makes an appointment of an individual whose incompetent performance gives rise to a suit alleging negligence on the part of state official for making such an appointment; and (3) where judicial decision-making is challenged. *Id.* at 230. Thereafter, this court held that the failure to provide fire protection should be treated as an exception to governmental tort liability. *Gates v. Town of Chandler, Water Dep't.,* 725 N.E.2d 117, 120 (Ind.Ct.App.2000). Therefore, "the current presumption in Indiana is that governmental units are liable for any breach of a duty owed to a private individual except for such claims as a failure to prevent crime, inadequate fire protection, appointment of an incompetent official, or an incorrect judicial decision."

mulated and caused the thoroughfares to be-

*St. John Town Bd. v. Lambert,* 725 N.E.2d 507, 514 (Ind.Ct.App.2000).

▪ We believe that the school was not entitled to summary judgment as a matter of law after applying Indiana common law sovereign immunity to the facts of the present case. As discussed earlier, all governmental units are bound, both directly and under the theory of respondeat superior, by the common law duty to use ordinary and reasonable care under the circumstances except for a few exceptions not applicable here. Under the common law, a governmental entity is not generally liable for injuries caused by defects in sidewalks and streets due to natural accumulation of snow and ice. *City of South Bend v. Fink,* 139 Ind.App. 282, 219 N.E.2d 441, 443 (1966). However, a city could be held liable under the common law for failure to remove snow and ice if it could be shown that the snow and ice were an obstruction to travel and that the city had an opportunity to remove the snow and ice. *Ewald v. City of South Bend,* 104 Ind.App. 679, 12 N.E.2d 995, 997 (1938). Ordinance 12.24.040 of the Municipal Code of East Chicago provides that:

> Every owner, lessee, tenant, occupant or other person having charge of any building or lot of ground in the city abutting upon any public way shall remove the snow and ice on the sidewalk in front of the building or lot of ground. If the sidewalk is of greater width than six feet, it shall not be necessary for such person to remove snow or ice for a space wider than six feet.
>
> In case the snow and ice on the sidewalk shall be frozen so hard that it cannot be removed without injury to the pavement, the person having charge of any building or lot of ground as foresaid shall, within the time specified, cause the sidewalk abutting on such premises to be strewn with ashes, sand, sawdust, or some similar suitable material and shall, as soon thereafter as the weather shall permit, thoroughly clean such sidewalk.

come slick, and thus defective.

The snow which falls or accumulates during the day (excepting ·Sundays) before four p.m. shall be removed within three hours after the same has fallen or accumulated. The snow which falls or accumulates on Sunday or after four p.m. and during the night on other days shall be removed before ten a.m. in the following morning. (Prior code § 41–30).

Thus, we believe the school had a duty to the general public, including Hertz, to use reasonable care in removing ice and snow from its public thoroughfares within the time limits proscribed by the City of East Chicago's municipal ordinance. Because the school had a duty to Hertz, because this duty does not fit within one of the limited circumstances in which the governmental unit may invoke common law sovereign immunity, and because the school is not entitled to immunity under the Act, we believe that the trial court erred in granting summary judgment in favor of the school.

### Conclusion

Based on the foregoing, we hold that the trial court erred in granting summary judgment in favor of the school because the governmental unit was not entitled to either common law or statutory sovereign immunity.

Reversed.

MATTINGLY, J., concurs.

MATHIAS, J., dissents with opinion.

### MATHIAS, Judge, dissenting

I respectfully dissent for the majority's determination that the school is not entitled to immunity under the Indiana Tort Claims Act ("ITCA"), I.C. § 34–13–3–3(3).

Neither party disputes that the school is a governmental entity or that both the parking lot and the sidewalk are public thoroughfares. However, Hertz alleges, and the majority holds, that even though her injuries were caused by the snow and ice accumulated in the parking lot and on the sidewalk, the school is not entitled to immunity because it was aware of the accumulation and had time and opportunity to remove it. The main authority for this position seems to be *Van Bree v. Harrison County,* 584 N.E.2d 1114 (Ind.Ct.App. 1992), *trans. denied.*

In *Van Bree,* the plaintiff was injured when her car skidded on a snowy, icy road and collided with a dump truck. *Id.* at 1116. Van Bree argued that the county was negligent for failing to remove snow and ice that had been on the road for four or five days when the accident occurred. In our analysis of the case, we acknowledged that a governmental entity has a "common law duty to exercise reasonable care and diligence to keep its streets and sidewalks in a reasonably safe condition for travel" and that, in fact, this duty has been codified at Indiana Code section 34–4–16.5–3. *Id.* at 1117. However, a governmental entity is not generally· liable for injuries caused by the natural accumulation of snow and ice on streets and sidewalks. *Id.*

Our attention is drawn to language in *Van Bree* stating that a governmental entity "could be held liable under the common law for failure to remove snow and ice if it could be shown snow and ice were an obstruction to travel and that the [governmental entity] had an opportunity to remove the snow and ice." *Id.* (citing *Ewald v. City of South Bend,* 104 Ind.App. 679, 12 N.E.2d 995 (1938)). Approving of the pre-Tort Claims Act reasoning of *Ewald,* this Court went on to state that the burden was on Van Bree to "present evidence that the road had become defective because of the snow and ice and that the county had time and opportunity to remove it." *Id.* The plaintiff in *Van Bree* did not meet her burden because she had not demonstrated that the county had an opportunity to treat the road before the day of her accident. Accordingly, we affirmed the trial court's finding of immunity.

In the case at bar, Hertz alleges that the school had time and opportunity to remove the snow and ice from the parking lot and

the sidewalk. In support of this contention, she points to evidence that there had been no precipitation for five days prior to her falls, that the person in charge of maintaining the areas where she fell noticed the ice on the morning of Hertz's falls, and that, in fact, someone from the school had spread forty pounds of salt in those areas a little over an hour before she fell. However, Hertz points to no evidence that the parking lot or the sidewalk had "become defective" due to the accumulation of snow and ice. *Id.* at 1118. She does not allege there were potholes or other irregularities in the surface or structure of the parking lot or sidewalk that were the result of accumulated snow and ice. Rather, she alleges only that the areas were slick.

In addition, Hertz has never alleged that her slip and fall incidents were due to a temporary weather condition that demonstrably and repeatedly created a hazard due to an underlying design defect. She simply slipped and fell on pavement made slick by accumulated ice and snow and the salt which had been recently applied in a reasonable attempt to remedy the situation. Therefore, the majority's reliance on *Catt v. Board of Comm'rs of Knox County* is misplaced.

As we noted in *Van Bree,* a governmental entity "is not liable for the consequent thawing and freezing of [snow and ice] and so far as we are advised is under no duty to remove all of the snow and ice." *Id.,* (quoting *Ewald,* 12 N.E.2d at 996–97). Any time there is a natural accumulation of ice and snow, there are most assuredly going to be slick spots, with or without remediation by salt, other chemicals and/or sand. However, the mere fact that the areas in which Hertz fell were slick does not make them defective. The immunity provisions of ITCA "do not abrogate the common law duty to maintain highways, that duty simply does not apply when a road is temporarily icy because of inclement weather." *Leinbach v. State,* 587 N.E.2d 733, 735 (Ind.Ct.App.1992). Ac-

cordingly, I would hold that the school is entitled to immunity from liability for Hertz's alleged injuries, which were caused by a temporary condition of a public thoroughfare that results from weather.

Because I would hold that the school is entitled to immunity under ITCA, I would not reach the issue of common law sovereign immunity.

For all of these reasons, I would affirm the trial court's grant of summary judgment in favor of the school.